UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MARK KIRKSEY,**                             CASE NO.:

   **Plaintiff,**

v.

**DENIS MCDONOUGH, IN HIS OFFICIAL
CAPACITY, AS SECRETARY OF
THE UNITED STATES DEPARTMENT
OF VETERAN'S AFFAIRS,**

   **Defendant.**
_____/

# COMPLAINT

Plaintiff, MARK KIRKSEY, hereby sues Defendant, DENIS MCDONOUGH, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF VETERAN'S AFFAIRS, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Age Discrimination in Employment Act, (ADEA), codified at 29 U.S.C. §621 et seq., and under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq. and under 42 U.S.C. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction). Attorneys' fees and costs are also sought under 28 U.S.C. §2412.

2. This action involves claims which are, individually, in excess of Seventy- Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, MARK KIRKSEY, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his age (over 40), race (White), and gender (male).

4. At all times pertinent hereto, Defendant, DENIS MCDONOUGH, in his official capacity, has been the SECRETARY of the UNITED STATES DEPARTMENT OF VETERANS' AFFAIRS (VA). At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any and he received his Final Agency Determination. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a fifty-year-old White male, began his employment with Defendant on or about September 8, 2013, and currently holds the position of Police Officer.

7. During his time with the VA prior to his dealings with Chief of Police Wayne NeSmith, Plaintiff has had a spotless record with no writeups, warnings, or reprimands and received consistently outstanding evaluations. Despite his stellar work performance during his employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms, privileges, and conditions of employment, and was held to a different standard because of his age, race, and sex.

8. Defendant was aware of Plaintiff's age, race, and sex because of his physical appearance, personnel documentation, and conversations around the office.

9. The disparate treatment and retaliation came at the hands of specifically but not limited to Chief of Police Wayne NeSmith and Operations Manager Ronald Brown, both of whom are black men who are significantly younger than Plaintiff.

10. Defendant has a pattern and practice of ratifying NeSmith's discriminatory behavior by doing nothing to correct it despite knowing that actions were being taken against white officers. For example, NeSmith has been allowed

to harass Plaintiff's coworker, Van Greene, for similar discriminatory reasons without repercussions.

11. Chief of Police NeSmith has targeted Plaintiff because of his age, race, and sex in the past. Specifically, and without limitation, on May 31, 2019 NeSmith issued Plaintiff a Proposal to remove him from his position without cause based on contrived allegations Plaintiff was not performing his job well enough. The allegations were not true, and the proposed removal did not stick, as a result of the false allegations. Further, Defendant never punished NeSmith for bringing the false charges in the first place and allowed him to continue in a supervisory capacity over Plaintiff.

12. Defendant conducted a rushed and haphazard investigation of the allegations, failed to give Plaintiff enough time to respond to the allegations and denied his request for an extension of time. As a result of its botched investigation of NeSmith's false charges but Plaintiff was demoted from Supervisory Police Officer to regular Police Officer

13. On October 16, 2019, Defendant announced open Supervisory Police Officer positions in both the Tallahassee and Gainesville locations. Plaintiff saw this as the chance to clear his name, move on, and get his position back, but NeSmith made that impossible.

14. NeSmith was also the selecting official for the Gainesville and Tallahassee positions. Plaintiff applied for Supervisory Police Officer positions at both locations and was unfairly denied all such positions.

15. Instead, on February 12, 2020, Defendant selected Gregory Potter and Keyona Frost over plaintiff for the Gainesville and Tallahassee locations respectively. The former was significantly younger than Plaintiff. The latter, a black female, who is significantly younger than Plaintiff, scored lower than him, had far less education, experience, and other qualifications, needed to be significantly trained to catch up to the baseline and was chosen despite this discrepancy, by NeSmith, allegedly because of the prior conduct NeSmith falsely accused Plaintiff of and his prior unfair demotion. This reason was pretextual and he thus needed an excuse as to why he chose the non-white, younger, unqualified female over the older white male with decades more experience and knowledge in order to hide the fact that his choice was motivated by Plaintiff's and Frost's ages, races, and sex.

16. On February 14, 2020, Plaintiff contacted Defendant's Human Resources to determine his score and rank for the interviews for both positions he was not selected for.

17. HR refused to tell Plaintiff his scores telephonically, but on February 19, 2020, HR set an appointment for Plaintiff to review his scores and rank for February 21, 2020.

18. At some point, an HR Representative told Plaintiff that he scored lower than the other applicants at the Tallahassee locations and that the other applicants had tied for first. Plaintiff learned that this was a lie.

19. Plaintiff also submitted a Freedom of Information Act (FOIA) Request to Defendant's Privacy Office to obtain the records. Defendant unlawfully withheld the documents Plaintiff requested in order to prevent him from having evidence for his discrimination complaint or at his appeal, and to cover up for its misconduct in the application process, and the cover -up attempts, and in order to hide their actions from legitimate public inspection.

20. On February 21, 2020, HR Rep Martin Lynch contacted Plaintiff and claimed he had come in second for both the Gainesville and Tallahassee positions, however, Defendant was still unable and unwilling to provide any evidence of Plaintiff's score in hardcopy. On information and belief, such information may not have existed at the time and NeSmith or another of Defendant's agents may have manufactured such a record after the fact.

21. That same day, he received a denial of his FOIA request from Defendant's privacy office.

22. Believing that he had been unfairly denied his position based on NeSmith's discriminatory determinations, on April 7, 2020, Plaintiff filed a

6

complaint alleging age, race, and sex discrimination with Defendant's Office of Resolution Management.

23. It was only after Plaintiff filed his complaint and the Office of Resolution Management sought evidence that Plaintiff was able to finally see the documents purportedly used by Nesmith to evaluate him and the other applicants. After viewing the documents, it became clear why Defendant sought so hard to withhold them.

24. On or around February 11, 2020, Chief NeSmith overrode the panel's decision and selected Officer Kayona Frost, a thirty-seven-year-old African American female, for the Supervisory Police Officer position. Her qualifications are dwarfed in comparison to Plaintiff's qualifications as well as the qualifications of another white male applicant, Van Greene. Greene was the highest ranked applicant for the position that Frost received and Greene was ranked second.

25. On or around February 12, 2020, NeSmith sent an email declaring Frost as the Supervisory Police Officer.

26. NeSmith did not apply the same criteria for both locations despite the positions being exactly the same. For example, for one position he examined disciplinary actions, for the other he did not. Further, for Tallahassee selectee, Frost, who finished in third place, below where Plaintiff allegedly placed, and therefore

was less qualified than him, was selected over Plaintiff and even had to be assigned to extra trainings to make up for the disparity in experience.

27. NeSmith's willingness to disregard qualifications and scores, refusal to apply the same criteria to both positions, and choosing a significantly younger, black female who was far less qualified than Plaintiff are indicative of his unfair bias against Plaintiff and other white applicants. That bias, based upon who NeSmith selected, is motivated by Plaintiff's age, race, and sex.

28. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## AGE DISCRIMINATION

29. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

30. This is an action against Defendant for age-based discrimination brought under 29 U.S.C. §621 et seq.

31. Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

32. Defendant failed to hire, promote or otherwise discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions, or privileges of employment because of, at least in part, Plaintiff's age.

33. Alternatively, Defendant deprived attempted to deprive Plaintiff of employment opportunities and/or took actions which adversely affected Plaintiff's status as an employee in that Defendant limited, segregated, or classified Plaintiff or reduced Plaintiff's wages.

34. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

35. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

36. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

37. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

38. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant including his demotion and the failure to hire him into the Tallahassee and/or Gainesville positions.

39. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

40. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief and liquidated damages where appropriate.

## COUNT II
## RACE DISCRIMINATION

41. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

42. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq..

43. Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated non-white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his race.

44. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

45. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

46. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

47. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

48. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

49. The events set forth herein led, at least in part, to adverse actions against Plaintiff.

50. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq..

51. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief.

## COUNT III
## GENDER DISCRIMINATION

52. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

53. This is an action against Defendant for discrimination based upon sex brought under 42 U.S.C. §2000e et seq.

54. Plaintiff has been the victim of discrimination on the basis of Plaintiff's sex in that Plaintiff was treated differently than similarly situated employees of

Defendant who are female and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's sex.

55. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

56. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

57. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

58. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a sex-based nature and in violation of the laws set forth herein.

59. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

60. The events set forth herein led, at least in part, to adverse actions against Plaintiff as described above.

61. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon sex in violation of 42 U.S.C. §2000e et seq..

62. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

    (a)    that process issue and this Court take jurisdiction over this case;

    (b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

    (c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and

economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF